UTE WATER CONSERVANCY DISTRICT, Plaintiff–Appellee and Cross–Appellant,

v.

CITY OF GRAND JUNCTION, Defendant–Appellant and Cross–Appellee.

No. 92CA2026.

Colorado Court of Appeals, Div. II.

Oct. 21, 1993.

As Modified on Denial of Rehearing Nov. 18, 1993.

Certiorari Granted (Petitioner and Cross–Petitioner) April 4, 1994.

tered in favor of plaintiff, Ute Water Conservancy District (district). Plaintiff cross-appeals that judgment. We affirm in part, vacate in part, and dismiss the appeal in part.

The district was formed in 1956 to supply water to certain unincorporated areas of Mesa County. At that time, the city was surrounded by the district, but there was no overlap of the city's and the district's boundaries.

This lack of overlap ended when the city annexed territory within the boundaries of the district. These annexations resulted in controversy over which entity, the city or the district, would provide water service in areas which lay within the boundaries of both.

For a number of years, this controversy was resolved by written agreements between the city and the district. However, at trial, the city sought to terminate the current contract, and the court ordered that it could do so provided reasonable notice was given. That portion of the trial court's order has not been appealed.

As a further matter, the city and the district each sought the exclusive right to provide water service to the overlap areas. The trial court determined that under federal statutes the district had that right. It is this determination that the city appeals.

The district cross-appeals the trial court's determination that it is not a municipality governed by the provisions of § 31–35–402(1), C.R.S. (1986 Repl.Vol. 12B), and, thus, would require the consent of the city to provide service at some future time.

Williams, Turner & Holmes, P.C., Mark A. Hermundstad, William D. Prakken, Grand Junction, for plaintiff-appellee and cross-appellant.

Daniel E. Wilson, City Atty., John P. Shaver, Asst. City Atty., Grand Junction, Grimshaw & Harring, P.C., Wayne B. Schroeder, Ronald L. Fano, Peter J. Whitmore, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge NEY.

Defendant, City of Grand Junction (city), appeals the judgment of the trial court en-

## I.

The city contends that the trial court erred in its conclusion that the district has the exclusive right to provide water service in the overlap areas for a certain length of time. We do not agree.

During its existence, several financial transactions were made by the district to establish and improve its water system. Pertinent to the action before us are bond transactions which occurred in 1981, 1983, and 1988.

In 1981, the district issued revenue bonds which were bought by the federal Farmers Home Administration (FmHA). As security for the bond issue, the district pledged its revenues.

In 1983, in a transaction known as "advance refunding," the district refinanced the 1981 bonds by issuing a new series of bonds. The proceeds from the 1983 refunding bonds were placed into an escrow account and from there were used to pay the principal and interest on the 1981 bonds as such amounts came due. The escrowed bond proceeds replaced the district revenues as security for the 1981 bonds, and those revenues became the security for the 1983 refunding bond issue.

In 1988, pursuant to the Omnibus Budget Reconciliation Act of 1986, 7 U.S.C. § 1929a note (1988), (OBRA) and the Continuing Appropriations Act of 1987, the district purchased its 1981 bond issue from FmHA. In so doing, the district's indebtedness to FmHA was cancelled, and the paying agent for the escrowed funds was directed by FmHA to make all future payments on the 1981 bond directly to the district.

At issue here is the effect of Section 306(b) of the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1926(b) (1988), on those transactions. That section states:

The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar services within such area *during the term of such loan;* nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event. (emphasis added)

■ Under the statute an "association" is defined as an "entity which has received a loan from the Secretary (FmHA)" *Pinehurst Enterprises, Inc. v. Town of Southern Pines,* 690 F.Supp. 444, 452 (M.D.N.C.1988). The city does not dispute that the district is such

an entity. However, it is the position of the city that the district has by its financial transactions removed itself from the protection afforded by 7 U.S.C. § 1926(b).

A.

■ First, the city maintains that the district, in advance refunding its 1981 bond issue, redeemed the bond and thus removed itself as debtor when the escrowed funds became the source and security for repayment. In support of this argument, it cites *Glenpool Utility Services Authority v. Creek County Rural Water District No. 2,* 861 F.2d 1211, (10th Cir.1988), *cert. denied,* 490 U.S. 1067, 109 S.Ct. 2068, 104 L.Ed.2d 633 (1989) (to meet the threshold requirements of 7 U.S.C. § 1926(b), there must be a continuing indebtedness under Section 1926); *Water Works District No. II v. City of Hammond,* No. CIV.A. 86–0187, 1989 Westlaw 117849, (E.D.La.1989) (Section 1926(b) applies only while the water association is indebted to FmHA).

The district, on the other hand, argues that the bond was not redeemed but merely "defeased" and, therefore, that the term of the note continues and is still outstanding. It finds support for this position in *City of Virginia v. Northland Office Properties Limited Partnership,* 465 N.W.2d 424 (Minn.App. 1991) (a bond which has been advance refunded is still outstanding) and in the uncontradicted testimony of its expert in municipal finances that the defeasance did not discharge the underlying obligation. We agree with the district.

■ According to its legislative history, the purpose of 7 U.S.C. § 1926(b) is:

to assist in protecting the territory served by such an association against competitive facilities, which might otherwise be developed with the expansion of municipal and other public bodies into an area served by the rural system.

*Jennings Water, Inc. v. City of North Vernon,* 895 F.2d 311, 315 (7th Cir.1989). Furthermore, it was the intent of Congress "to encourage rural water development" and "to safeguard the viability and financial security

of such associations (and FmHA's loans)." *City of Madison v. Bear Creek Water Ass'n, Inc.,* 816 F.2d 1057, 1060 (5th Cir.1987).

■ The intent of Congress, therefore, was not limited to protection of FmHA but extended to protect the entity which had incurred debt to develop rural water service. This interpretation is in accord with the conclusion of *Jennings Water, Inc. v. City of North Vernon,* 682 F.Supp. 421 (S.D.Ind. 1988), *aff'd,* 895 F.2d 311 (7th Cir.1989), that Congress intended 7 U.S.C. § 1926(b) to be read broadly.

Here, although the original lien on the district revenues brought about by the 1981 bond issue was discharged, those revenues were at the same time encumbered by the refunding issue of 1983. The district's indebtedness thus remains, even though the source of repayments for the 1981 bonds has shifted to the escrowed funds. Furthermore, should the escrowed funds be insufficient, the shortfall would be made up from district revenues, which are also the basis of payment for the 1983 bonds.

Our supreme court, in *Columbia Savings v. Zelinger,* 794 P.2d 231 (Colo.1990), held that a cancellation or renunciation of an instrument made unintentionally or by mistake has no effect. An intent to discharge a party must be present, and the determination of the intent of the parties involves a question of fact.

Under the circumstances here, we cannot conclude that the 1983 bond issue satisfied the district's debt to FmHA. The district structured its transactions with the intent to preserve the indebtedness to FmHA, and its expert so testified in detail and without contradiction. Hence, we agree with the trial court's conclusion that the 1983 transaction did not serve to relieve the district of its underlying debt to FmHA and did not remove it from the protection afforded by 7 U.S.C. § 1926(b). *See 2416 Corp. v. Board of Trustees,* 209 Ill.App.3d 504, 154 Ill.Dec. 276, 568 N.E.2d 276 (1991) (trial court should not ignore municipal bond expert's opinion as to meaning to be ascribed to terms of art in a specialized area of the law).

B.

■ The city alternatively argues that the district's indebtedness to FmHA was satisfied when it purchased its 1981 bond from FmHA in 1988 and, consequently, that the district is not entitled to protection under 7 U.S.C. § 1926(b). We are not persuaded.

OBRA and the Continuing Appropriations Act of 1987 required that FmHA sell certain assets. The Agricultural Credit Act of 1987, 7 U.S.C. § 1929a note at 846 (1988), amended OBRA to require that the Secretary of Agriculture first offer for sale to the issuer any notes or other obligations held under the Consolidated Farm and Rural Development Act.

The district took advantage of this opportunity to purchase its 1981 bond at a substantial discount, and the bond was assigned to the district. At that point, FmHA ceased to own the bond, and the administrator of the escrowed funds was directed by FmHA to make payments of principal and interest to the district as such amounts came due.

While it is true that upon the assignment of the bonds to it the district was no longer indebted to the federal government, we conclude, for the reasons stated above, that the underlying debt did not cease to exist and that 7 U.S.C. § 1926(b) still applied to safeguard the viability and financial security of the district. *See City of Madison v. Bear Creek Water Ass'n, Inc., supra.*

Moreover, the circumstance presented here is specifically addressed by OBRA, 7 U.S.C. § 1929a note at 846 (1988):

(g) Applicability of Prohibition on Curtailment or Limitation of Service. Section 306(b) of the Consolidated Farm and Rural Development Act (7 U.S.C. 1926(b)) *shall be applicable to all notes or other obligations sold or intended to be sold under this section.* (emphasis added)

The city maintains that when Congress directed that the protection of 7 U.S.C. § 1926(b) should be applicable to all obligations thus sold, it intended to safeguard a third party's entitlement to payment and not to extend protection to debtors who had purchased their own notes at a discount. However, the city cites no authority in support of

598

this argument, and we prefer to rely upon the plain language of the statute which references *all* notes and obligations.

■ Additionally, we conclude that this provision, when read in conjunction with the provision that such notes or obligations be offered first to the issuer, clearly indicates the intent of Congress that the protection of 7 U.S.C. § 1926(b) apply as long as the underlying obligation evidenced by the note exists.

■ Accordingly, we agree with the trial court's conclusion that 7 U.S.C. § 1926(b) prohibits the city from providing water service to the overlap areas so long as the district's 1981 water revenue bond remains outstanding.

## C.

■ The city, relying upon 7 U.S.C. § 1929a(e) (1988), argues that the district's liability has been discharged. Again, we are not persuaded.

The pertinent language provides:

The Secretary and any subsequent purchaser of such notes or other obligations sold by the Secretary on a nonrecourse basis shall be relieved of any responsibilities that might have been imposed had the borrower remained indebted to the Secretary.

While the statute relieves the obligations of the Secretary and the subsequent purchaser, it does not so absolve the borrower. Here, the district is both purchaser and borrower. And, because we conclude that it is the district's position as borrower that is at issue here, the statute is inapposite.

## D.

■ The city contends that the trial court erred by its refusal to address as untimely the city's argument, raised in a post-trial motion, that the application of 7 U.S.C. § 1926(b) is in violation of the Tenth Amendment which reserves powers not delegated to the United States, or prohibited by the Constitution, to the States or the people. Assuming, arguendo, that the argument was timely raised, we conclude that the statute's

conflict with the Tenth Amendment previously has been addressed in *City of Madison v. Bear Creek Water Ass'n, Inc., supra.*

There, the court concluded that because the application of § 1926(b) was restricted in time and scope so as not to disable the city severely from performing its function, it did not violate the Tenth Amendment. The city maintains that the *Madison* analysis is premised upon the existence of an outstanding federal debt and, thus, is not applicable here. We do not agree.

The *Madison* court determined that § 1926(b) did not permanently curtail the city's authority because it applies only while the federal debt is outstanding. Nevertheless, our interpretation of the court's ruling is that it turns upon the scope of the curtailment of authority rather than upon the existence of federal indebtedness. Consequently, under the facts here, in which the city is limited only in its provision of water services to a defined area and that limitation is of a temporary nature, we conclude that there is no offense to the Tenth Amendment.

## E.

Because we have determined that the trial court correctly based its decision upon the applicable federal statutes, we do not address the contentions of the city which rest upon provisions of the Uniform Commercial Code as adopted by our General Assembly.

## II.

■ The district, on cross-appeal, contends that the trial court erred in its conclusion that the district is not a municipality for the purposes of § 31–35–402(1) and, consequently, that the city has exclusive right to provide water service to the overlap areas when the district's 1981 debt is repaid.

Because almost three decades may elapse before the protection afforded by 7 U.S.C. § 1926(b) is lost to the district, we conclude that the decision of the trial court to address this issue was premature.

Furthermore, the issue of who has the right to provide water service to the overlap areas when the district's 1981 debt is repaid

presents no justiciable controversy at this time. Therefore, we vacate that portion of the trial court's judgment.

### III.

Finally, the city contends that the trial court erred in its general award of costs to the district. Here, no specific award of costs was made, and the trial court retained jurisdiction pending the outcome of a relevant case currently before the supreme court, *Board of County Commissioners v. Crystal Creek Homeowners Ass'n* (Colo. No. 92SA312, pending as of Oct. 1, 1993). Thus, the city's appeal of this issue is untimely, and we dismiss it without prejudice.

The judgment is affirmed in part, vacated in part, and the appeal is dismissed as to the award of costs.

TURSI and TAUBMAN, JJ., concur.